UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENE M. COSTA,

    Plaintiff,

v.                                                             Case No. 8:20-cv-2575-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,[1]

    Defendant.
_____/

## O R D E R

Before the Court is *pro se* Plaintiff Gene Costa's appeal of the Social Security Administration's (SSA) denial of his claim for disability insurance benefits. (Docs. 1, 4). For the reasons discussed below, Costa's appeal is dismissed without prejudice.

I.

Following Costa's initiation of this action (Docs. 4, 43) and the Commissioner's filing of her answer to Costa's complaint (Doc. 21), the Court entered a Scheduling Order on September 20, 2021, directing the parties to submit a joint memorandum by

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for former Commissioner Andrew M. Saul as the Defendant in this suit.

February 3, 2022, and to abide by certain deadlines in connection with their compilation of that joint submission. (Doc. 24). In light of the Plaintiff's *pro se* status, however, the Court subsequently entered an Amended Scheduling Order on October 6, 2021, authorizing the parties to file their own legal memorandum. (Doc. 25). In particular, the Court instructed Costa to submit a memorandum in support of his position within sixty days of the October 6 Order (i.e., by December 5, 2021), and the Commissioner to file a response in opposition within sixty days of Costa's submission of his memorandum (i.e., by February 3, 2022, at the latest). Costa did not comply with the Court's October 6 Order.[2]

As a result, the Court entered an Order on February 7, 2022, directing the parties to file a joint notice by February 17, 2022, addressing the lack of any briefing on Costa's appeal. (Doc. 34). In response to this Order, Costa filed a notice claiming he had not received a submission from the Commissioner (Doc. 36), and the Commissioner separately requested an extension of time by which both parties could provide the Court with their respective memoranda (Doc. 35). The Court thereafter conducted a hearing on the matter, during which Costa admitted that he "may have forgotten" to file his memorandum and sought additional time to do so. The Court emphasized to Costa at the time the importance of abiding by the Court's deadlines. For its part, the government took the position that, despite Costa's dilatoriness and

---

[2] The government did not submit a response challenging Costa's failure to adhere to the Court's briefing schedule.

assuming the Court was so inclined, it would not be opposed to Costa being permitted until April 15, 2022, to submit his memorandum.

Consistent with the parties' representations at the hearing, the Court issued an Order roughly a week later, on March 4, 2022, instructing Costa to file his memorandum by April 15, 2022, and the Commissioner to submit her memorandum (or any other motion she deemed appropriate) by May 16, 2022. (Doc. 42). Of significance here, the Court again cautioned Costa that "a failure to timely file his memorandum may result in the dismissal of the action." *Id.* Notwithstanding this admonition, Costa did not submit his memorandum by the April 15 deadline. Nor did he seek an extension in which to do so.

The Commissioner, however, did file a memorandum, arguing primarily that the Court did not have jurisdiction to consider both the ALJ's and the Appeals Council's decisions. (Doc. 43). The matter is now ripe for the Court's consideration.

II.

The Court begins its analysis with the Commissioner's jurisdictional argument. Based upon its preliminary review of the matter, the Court does not perceive this jurisdictional issue to be as clear-cut as the Commissioner suggests. In the absence of a response from Costa and given that there is another ground for disposing of the case (as discussed below), the Court will turn to that alternative basis now.

It is well settled that that a court may dismiss a plaintiff's claims *sua sponte* pursuant to its "inherent authority to manage its docket." *Harris v. Comm'r of Soc. Sec.*, 2021 WL 4894091, at *1 (M.D. Fla. Oct. 20, 2021) (citing *Betty K Agencies, Ltd. v. M/V*

*MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).  One of the reasons justifying such an action is a "plaintiff's failure to prosecute his case." *Id*. (citing same).

While a court has discretion to dismiss an action for failure to prosecute, such a step should be undertaken "'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Teeters v. Comm'r of Soc. Sec.*, 2017 WL 2312899, at *2 (M.D. Fla. May 8, 2017) (quoting *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)), *report and recommendation adopted*, 2017 WL 2311757 (M.D. Fla. May 26, 2017).  This is because the dismissal of a case is deemed to be "a sanction of last resort" and "generally proper only where less drastic sanctions are unavailable." *Id*. (citing same).

Here, as evidenced by the procedural history of this case, Costa has failed to adhere to the Court-ordered deadlines on a number of occasions, including after being warned of the consequences of such obdurate behavior.  As a result, dismissal of Costa's case without prejudice is warranted.  *See Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 864 (11th Cir. 2012) (per curiam) (affirming a district court's dismissal of a complaint where the plaintiff failed to file a court-ordered memorandum challenging the Commissioner's decision);[3] *Harris*, 2021 WL 4894091, at *1 (dismissing a plaintiff's social security appeal for failure to prosecute where he missed court deadlines); *Thompson v. Comm'r of Soc. Sec.*, 2021 WL 5235330, at *1 (M.D. Fla. Oct. 13, 2021)

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

(same), *report and recommendation adopted*, 2021 WL 5234645 (M.D. Fla. Nov. 10, 2021); *Arniotis v. Comm'r of Soc. Sec.*, 2021 WL 4169368, at *1 (M.D. Fla. Sept. 14, 2021) (same); *Manley v. Comm'r of Soc. Sec.*, Case No. 8:18-cv-257-VMC-TGW, at (Doc. 18) (M.D. Fla. May 2, 2019) (same), *report and recommendation adopted*, 2019 WL 3383630 (M.D. Fla. May 21, 2019); *Teeters*, 2017 WL 2312899, at *2 (same).

### III.

In light of the above, it is hereby ORDERED:

1. This case is dismissed without prejudice.

2. The Clerk of Court is directed to terminate any pending motions and to close the case.

SO ORDERED in Tampa, Florida, this 14th day of September 2022.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
*Pro se* Plaintiff
Counsel of record